(114 App. Div. 916)

FREEL v. CHROME STEEL WORKS et al. (Supreme Court, Appellate Division, Second Department. July 24, 1906.) Action by Philip Freel against the Chrome Steel Works and another. From a judgment for defendant steel works, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ. Charles J. Ryan, for appellant. Edward P. Mowton, for respondent.

PER CURIAM. Affirmed, with costs.

GAYNOR, J. (dissenting). It seems plain to me that the facts of this case are not understood. The manufacturing plant of the defendant borders along the Wallabout Canal in Brooklyn. It has sheds along the canal for coal, iron, steel, etc. On the day of the accident barges alongside with coal for the defendant were being unloaded. By means of a large derrick of the defendant, the mast of which was permanently set in the ground on the defendant's premises, and was forty feet high and one foot thick, the coal was hoisted from the boat in a large tub or bucket up into cars on overhead tracks on the defendant's premises. The derrick was permanently set there to be used in hoisting from boats. The tracks and cars overhead were also permanent fixtures, and used in connection with the derrick.

The plaintiff's employer had the job of unloading the coal for the defendant as an independent contractor. The plaintiff was up on the overhead track receiving the tubs of coal as they were swung in on block and fall by the beam of the derrick, emptying them into the car, and then pushing the car along the track to the dumping place and back. The iron strap or band which fastened the boom to the mast broke, the boom fell into the boat, and the fall rope caught the plaintiff under the chin and threw him.

The strap or band being examined after the accident, it was found that there was an old rusty break or crack all but through it, and that the accident happened by such break becoming complete and the band severing. The band was one-half an inch thick, and the old break lacked only the thickness of your finger nail of going through it.

Under these facts the nonsuit was error. The defendant having furnished the derrick, it is liable if there was a dangerous defect in it by its negligence which caused the boom to fall. This is a proposition so familiar to all of us, and which trial judges have to state to juries so often that it calls for no citation of authority. The absence of any contract relation between the plaintiff and the defendant is not controlling. The last case of the kind I remember at the trial term is that of Connors v. King Line, 98 App. Div. 261, 90 N. Y. Supp. 652. The present case is no different than if the overhead track or car had broken instead of the derrick, and hurt the plaintiff. The defendant furnished the derrick, track, cars, etc., and therefore owed a duty not only to those working with them, but to everyone lawfully in the place, to use reasonable care to see that such appliances did not become in danger of falling from defects in them. One who furnishes a scaffold, for instance, to another for the use of the latter's workmen is liable to them for a dangerous defect therein.

The judgment should be reversed.